Myrtle BURROWES, Plaintiff–
Appellant,

v.

BROOKDALE HOSPITAL AND MEDI-
CAL CENTER, 1199 National Health
& Human Service Employee Union,
Defendants–Appellees.

Docket No. 02–7473.

United States Court of Appeals,
Second Circuit.

March 18, 2003.

Myrtle Burrowes, pro se.

Joel E. Cohen, McDermott, Will & Emery, New York, NY, for Defendant–Appellee Brookdale Hospital.

Richard Lee Dorn, Levy, Ratner & Behroozi, New York, NY, for Defendant–Appellee 1199 National Health.

Present: CALABRESI, POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of March, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Myrtle Burrowes appeals from the March 28, 2002, judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge* ), granting Appellees' motion to dismiss Burrowes's complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court, which had previously granted Burrowes's request to amend her pleadings, also found that further amendment would be futile. The district court also denied Burrowes's motion for reconsideration in an April 19, 2002, order.

Burrowes was a registered nurse employed at one time by Brookdale Hospital and Medical Center ("Brookdale"). 1199 National Health and Human Services Employee Union ("the Union") was Burrowes's collective bargaining representative. The action arises out of Burrowes's employment and termination by Brookdale. The Union initially represented Burrowes in her discrimination claims against the Hospital. Arbitration led to a February 12, 1999, settlement among Burrowes, the Union, and Brookdale. Burrowes signed the settlement, although she later attempted to revoke her signature. Since she continued to pursue her federal lawsuit, Brookdale moved for enforcement of the settlement agreement. The district court granted Brookdale's motion on October 24, 2000.

In May 2001, Burrowes filed a new complaint pursuant to the Age Discrimination in Employment Act ("ADEA") against Brookdale and the Union. Burrowes had not made these particular allegations in her previous lawsuit. She alleged that Brookdale and the Union discriminated against her based on her age. She also alleged that in violation of the Employee Retirement Income Security Act ("ERISA") the defendants interfered with her right to receive pension benefits, severance pay, vacation and holiday pay, and accumulated sick leave. Burrowes alleged that this discrimination occurred first on January 15, 1998, when Burrowes claims she received a letter threatening her with termination because she had exceeded the

medical leave to which she was entitled. She also alleges discrimination occurring during the February 15, 1999, negotiations that led to the settlement, and claims that the discrimination continued through the date of her May 2001 complaint.

 In June 2001, the Union filed a Rule 12(b)(6) motion to dismiss Burrowes's complaint. It argued that Burrowes had failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to bringing a lawsuit under the ADEA. Burrowes did not file a charge with EEOC until February 8, 2001. We affirm the district court's dismissal of Burrows's ADEA claim, which is indeed time barred. However, we note that the district court erred in determining that, in a state with its own anti-discrimination laws and agency, the period for filing a timely claim increases to 300 days only when the plaintiff has actually filed a claim with that state agency. In fact, in such a state, the plaintiff must file his or her age discrimination complaint with the EEOC within the earlier of 300 days after the alleged discrimination or, if a complaint was filed with the state agency, within 30 days after receiving notice of termination of proceedings under state law. 29 U.S.C. §§ 626(d)(2), 633(b); *see also Hodge v. New York College of Podiatric Medicine,* 157 F.3d 164, 166 (2d Cir.1998). However, Burrowes did not file her complaint with the EEOC within 300 days, so we may affirm the judgment despite the district court's use of the incorrect time period. Even if some discrimination occurred during the February 1999 negotiations, Burrowes did not file her EEOC charge within 300 days of those negotiations.

The district court also correctly rejected Burrowes's claims that the alleged discrimination constituted a "continuing violation." According to the continuing violation doctrine, if a plaintiff files an EEOC charge that is timely as to any incident of discrimination that is in furtherance of an ongoing policy of discrimination, all claims of discrimination under that policy will be timely. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir.1996). Our court has not yet had occasion to rule on what, if anything, of the continuing violation doctrine may survive the Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). *Morgan* holds that discrete discriminatory acts are not actionable if they occurred outside of the time when a plaintiff files his or her EEOC charge, even if the acts are related to acts alleged in timely filed charges. *Id.* at 2072. The Court also held that with hostile environment claims, a court may look at acts outside of the time period, since the hostile environment constitutes one "unlawful employment practice." *Id.* at 2075. Our Court has not yet decided whether other patterns of discrimination besides the hostile environment claim can create a single unlawful employment practice. *See, e.g., Elmenayer v. ABF Freight Syst., Inc.,* 318 F.3d 130, (2d Cir.2003) (applying *Morgan* to find that employer's rejection of employee's proposed accommodation of his religious process consisted of discrete acts rather than a continuing violation). Even if any part of the continuing violation doctrine survives *Morgan,* with regards to allegations of discrimination continuing up to the date when Burrowes filed her complaint, the district court correctly concluded that plaintiff "offers no facts that allege a continuing violation" under any pre- or post-*Morgan* standard.

 The district court also acted correctly in determining that further amendment of Burrowes's complaint would be futile with respect to the claims of alleged age or disability discrimination. The court correctly noted that because Burrowes "alleges no additional discriminatory acts that fell within the 180–day limitations period

prior to filing her EEOC claim[,] ... any claims brought under the ADEA or the ADA would also be dismissed as time barred." As we noted, the correct limitations period is 300 days; nonetheless, this does not change the ultimate conclusion.

In granting the motion to dismiss, the district court did not discuss the claims that Burrowes made regarding defendants' supposed violations of ERISA. Burrowes's complaint clearly alleges some sort of ERISA violations, but the district court treated the complaint as if it only brought actions based on discrimination law and did not discuss the ERISA claims in granting the motion to dismiss. Appellant notes that for claims arising out of ERISA, any failure to make a timely filing with EEOC does not matter. Nor would Burrowes's ERISA claims be barred by res judicata involving the judgment of the district court enforcing the settlement agreement.

█ Nonetheless, we affirm the district court's dismissal since it is clear that Burrowes has not made any valid ERISA claims against these defendants. Since neither Brookdale nor the Union are plan administrators or other fiduciaries, they are not proper ERISA defendants. *See* 29 U.S.C. § 1002(21)(A); *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 666 (2d Cir.1994). The statute notes:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Neither Brookdale nor the Union qualify under this definition, and therefore, Burrowes has failed to state a valid claim against them under ERISA. For the same reason, the court did not abuse its discretion in denying Burrowes's leave to amend her complaint against these defendants since an ERISA claim brought against them would still be futile even after amendment. We express no opinion as to whether Burrowes could successfully bring a new complaint against the proper plan fiduciary on her ERISA claims.